UNITED STATES DISTSRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20068-CIV-HUCK/O'SULLIVAN

MARINA PROKOPENKO,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
a Liberian Corporation,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

This matter is before the Court on a motion to dismiss by Defendant Royal Caribbean Cruises Ltd. (Doc. 9), filed February 11, 2010. The Plaintiff, Marina Prokopenko, filed a two count amended complaint on January 11, 2010 (Doc. 5), alleging common carrier liability and negligence. The Court has considered the parties memoranda, the complaint, and is otherwise duly advised in the premises.

Prokopenko alleges that she fell while aboard one of the defendant's cruise ships. The principle factual allegation in the complaint is that the plaintiff "was caused to fall on water on the deck of the ship at or near the swimming pool, causing her serious injury." The complaint alleges both duty to warn and failure to maintain theories of negligence. Prokopenko has agreed to withdraw count I of her complaint for common carrier liability, leaving only the negligence claim. The Court has admiralty jurisdiction and applies maritime law for tort claims by cruise ship passengers injured on navigable waters. *See Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990).

Royal Caribbean argues that it had no duty to warn because the presence of water near a pool is an open and obvious condition. Royal Caribbean cites two cases which granted summary judgment to the defendant cruise ship companies after finding that the danger giving rise to the plaintiff's injury was open and obvious and the defendants therefore had no duty to warn of it. *See Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232 (S.D. Fla. 2006); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40 (S.D. Fla. 1986).

Prokopenko distinguishes these cases because they were decided on summary judgment, and argues that the complaint should not be dismissed because, even if the Court accepts Royal Caribbean's position on the failure to warn theory, Prokopenko can also prevail by proving that Royal Caribbean breached a duty to maintain the pool area. In reply, Royal Caribbean reiterates its argument that no duty to warn exists for open and obvious conditions but does not address the failure to maintain issue.

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts are taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint must set forth sufficient factual matter to state a claim that is facially plausible; a claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Where the allegations in the complaint do not allow the court to "infer more than the mere possibility of misconduct," the plaintiff has not shown that he is entitled to relief. *Id.* Finally, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue that precludes relief. *See, e.g.*, *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Applying this standard to Prokopenko's amended complaint, the Courts finds that the allegations are sufficient to satisfy the notice pleading requirement of Rule 8. Under the *Iqbal* standard, Prokopenko's allegations are sufficient to draw a reasonable inference of negligence by Royal Caribbean under a failure to maintain theory. The Court also agrees with Prokopenko that the "open and obvious" question requires a context specific inquiry and necessitates development of the factual record before the Court can decide whether, as a matter of law, the danger was open and obvious.

Therefore, it is ORDRED AND ADJUDGED that Defendant Royal Caribbean's motion to dismiss is granted in part and denied in part. Count I of the amended complaint for common carrier liability is dismissed.

DONE AND ORDERED in Chambers, at Miami, Florida, April 15, 2010.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record